**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.: 11-630 (ES) |
| : | |
| v. : | **OPINION** |
| : | |
| : | |
| AMIN ROLAND : | |
| : | |

**SALAS, District Judge**

**I.     Introduction**

Defendant Amin Roland ("Defendant" or "Roland") seeks dismissal of his federal Indictment arguing that "this second prosecution . . . is in essential fact a redo of the original state prosecution and, as such, violates the Double Jeopardy Clause of the United States Constitution." (Def. Moving Br. at 5). The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons set forth below, Defendant's motion is denied.

**II.    Background**

The parties are thoroughly familiar with the facts. For that reason, the Court limits its discussion to the salient facts.

On February 28, 2007, an Essex County arrest warrant was issued for the Defendant. Initially, the Defendant was charged by complaint. However, on October 16, 2007, Roland was indicted by an Essex County Grand Jury in connection with events that transpired on the night of February 12, 2007. The Superseding Indictment contained eight counts: two counts of

aggravated assault; two counts of possession of a handgun; two counts of possession of a handgun with intent to use it unlawfully; one count of eluding police; and one count of resisting arrest. On April 8, 2008, the Defendant pleaded guilty, and was thus sentenced, to the eighth count of the Superseding Indictment—resisting arrest.

Thereafter, the Federal Bureau of Investigation ("FBI") instituted an investigation into a violent street gang operating out of Newark, known as the South Side Cartel. According to the United States, Roland is the founding member and leader of this gang. During the FBI's investigation, the United States made an application, pursuant to Department of Justice protocol, for a *Petite* Waiver.[1] That application was granted on August 5, 2011 "because the prior state prosecution le[ft] a substantial federal interest unvindicated." (Docket Entry No. 18-7, *Petite* Waiver).

Accordingly, the United States was authorized to prosecute Roland. And so they did. On September 19, 2011, Roland was charged in a one-count federal Indictment with having "knowingly possess[ed] in and affecting commerce a firearm, namely a 9mm caliber handgun, and seven rounds of 9mm ammunition," in violation of 18 U.S.C. § 922(g)(1). (Docket Entry No. 1, Indictment).

On April 4, 2012, following the parties' submissions of their respective motions *in limine*, Roland moved to dismiss the federal Indictment contending that the present "prosecution . . . violates the Double Jeopardy Clause of the United States Constitution." (Def. Moving Br. at 5). The United States has opposed this motion. The matter is now ripe for this Court's adjudication.

---

[1] The *Petite* policy, which derives its name from *Petite v. United States*, 361 U.S. 529 (1960), "is an internal rule promulgated by the Justice Department that requires federal prosecutors considering a potentially duplicitous [federal-state] prosecution to obtain prior authorization from a Justice official, who decides whether there are 'compelling reasons' for pursuing the matter." *United States v. Pungitore*, 910 F.2d 1082, 1120 (3d Cir. 1990) (quoting *Rinaldi v. United States*, 434 U.S. 22, 28-29 (1977)).

**III.     Relevant Law**

The Fifth Amendment to the United States Constitution provides, "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This constitutional guarantee provides three separate constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

Notwithstanding the constitutional guarantee against double jeopardy, the Supreme Court has consistently held that "the Constitution does not deny the State and Federal Governments the power to prosecute for the same act." *Rinaldi v. United States*, 434 U.S. 22, 28 (1977). This rule, commonly referred to as the dual sovereignty doctrine, was first established in *United States v. Lanza*, 260 U.S. 377 (1922), which held that a prior state conviction, followed by a federal indictment for the same acts, did not violate the Fifth Amendment protection against double jeopardy.

The Supreme Court's holding in *Lanza* was reinforced in the companion decisions of *Abbate v. United States*, 359 U.S. 187 (1959), and *Bartkus v. Illinois*, 359 U.S. 121 (1959). Indeed, despite "vigorous dissents, the Court declined to overrule *Lanza* and [thus] left intact the dual sovereignty doctrine, which continues in force to this day." *United States v. Atl. States Cast Iron Pipe Co.*, No. 03-852, 2005 U.S. Dist. LEXIS 19563, at *10 (D.N.J. Aug. 30, 2005). Following that precedent, the Third Circuit has continued to uphold successive state/federal prosecutions in a steady stream of cases. *See, e.g.*, *United States v. Wilson*, 413 F.3d 382, 390 (3d Cir. 2005); *United States v. Gricco*, 277 F.3d 339, 352 (3d Cir. 2002); *United States v. Berry*, 164 F.3d 844, 845-47 (3d Cir. 1999); *United States v. Bell*, 113 F.3d 1345, 1351 n.6 (3d Cir.

1997); *United States v. Pungitore*, 910 F.2d 1084, 1105-07 (3d Cir. 1990); *United States v. Grimes*, 641 F.2d 96, 100-04 (3d Cir. 1981); *United States v. Frumento*, 563 F.2d 1083, 1085-89 (3d Cir. 1977); *United States v. Ortiz-Velez*, 328 F. App'x 765, 766 (3d Cir. 2009); *United States v. Bibbs*, 152 F. App'x 247, 249-50 (3d Cir. 2005); *United States v. Harrigan*, 80 F. App'x 738, 743 (3d Cir. 2003).

Some circuits, however, recognize what has been called the "*Bartkus* exception" to the dual sovereignty doctrine. *See United States v. All Assets of G.P.S. Auto. Corp.*, 66 F.3d 483, 494-95 (2d Cir. 1995) (collecting cases). While the Third Circuit has "recognized the potential existence" of a *Bartkus* exception, it has "never applied the exception to overturn a second state or federal prosecution." *Berry*, 164 F.3d at 847. To the extent the *Bartkus* exception exists, it is narrow, *see Atl. States Cast Iron Pipe Co.*, 2005 U.S. Dist. LEXIS 19563, at *14, and "may be found only where the subsequent prosecution is a 'sham.'" *Briston v. Wholey*, No. 08-935, 2008 U.S. Dist. LEXIS 76254, at *32 (W.D. Pa. Sept. 8, 2008) (quoting *Bartkus*, 395 U.S. at 124). A sham prosecution is "limited to situations in which one sovereign so thoroughly dominates or manipulates the prosecutorial machinery of another that the latter retains little or no volition in its own proceedings." *United States v. Dowdell*, 595 F.3d 50, 63 (1st Cir. 2010) (internal citations and quotation marks omitted).

Keeping these legal principles in mind, the Court turns to Roland's arguments.

## IV. Roland's Arguments and the Court's Analysis

The Court must determine whether dismissal of Roland's federal Indictment is warranted. In doing so, the Court narrows its focus to Defendant's three arguments. First, Roland argues that "the present prosecution by the federal government is, in essence, nothing more than a second prosecution of . . . [his] state charges in federal court." (Def. Moving Br. at 4). Next,

Roland seeks to cloak himself in the veil of the *Bartkus* exception contending that "this is a sham prosecution." (*Id.* at 5). Finally, Roland asserts that his federal prosecution "demean[s] the professionalism of state court judges and the state court system." (*Ibid.*). The Court addresses each argument below.

### A. Roland's Federal Prosecution

Roland argues that "the present prosecution . . . is, in essence, nothing more than a second prosecution of [his] . . . state charges in federal court." (Def. Moving Br. at 4). Roland's argument lacks merit. It is beyond cavil that the dual or separate sovereigns doctrine permits a federal prosecution after a state prosecution for the same act, conduct, or offense. *See Wilson*, 413 F.3d at 389-90 (finding that there is no double jeopardy bar where the prosecution is based on "the same crime in both the federal and state systems . . . ."); *Gricco*, 277 F.3d at 352 ("It is well settled that there is no violation of the Double Jeopardy Clause . . . in successive prosecutions for the same offense by the federal government and a state government. . . . [*i.e.*,] different sovereigns are permitted to prosecute the same defendant for the same crime[.]"); *Berry*, 164 F.3d at 846 ("Berry's prosecution by the federal government for the same acts that his state prosecution dealt with does not . . . represent a violation of the Fifth Amendment's proscription against double jeopardy."); *Bell*, 113 F.3d at 1351 n.6 ("The dual sovereigns doctrine has long foreclosed Bell's argument that the federal government may not prosecute her for the same conduct of which she was acquitted in state court . . . ."); *Pungitore*, 910 F.2d at 1105 ("[A] long line of Supreme Court cases . . . have held that a federal prosecution arising out of the same facts which had been the basis of a state prosecution is not barred by the double jeopardy clause."); *Wholey*, 307 F. App'x at 617-18 (holding that the district court correctly found that the dual sovereignty doctrine did not bar subsequent prosecution based upon the same

conduct); *United States v. McArthur*, 39 F. App'x 791, 793 (3d Cir. 2002) (holding that the "federal government was permitted to prosecute [the defendant] for the same conduct under the dual sovereign doctrine."); *United States v. Dietz*, 577 F.3d 672, 686 (6th Cir. 2009) ("The [dual sovereignty] doctrine provides that 'the double jeopardy clause does not apply to suits by separate sovereigns, even if both are criminal suits for the same offense.'") (citing *United States v. Louisville Edible Oil Prods., Inc.*, 926 F.2d 584, 587 (6th Cir. 1991); *United States v. Vinson*, 414 F.3d 924, 928-29 (8th Cir. 2005) ("While one sovereign may not place an individual in jeopardy twice for the same acts, a subsequent prosecution by a separate sovereign does not violate the Constitution."); *United States v. Tirrel*, 120 F.3d 670, 676 (7th Cir. 1997) ("Mr. Tirrell's double jeopardy contention is that the United States should not have been able to try him under § 922(g) since he was convicted of firearms possession in state court. Under the dual sovereignty doctrine, however, successive federal and state prosecutions for the same offense are permitted; the Double Jeopardy Clause is inapplicable when two different sovereigns prosecute the same defendant.") (citing *Heath v. Alabama*, 474 U.S. 82, 89 (1985)); *United States v. X.D.*, 442 F. App'x 832, 832 (4th Cir. 2011) ("[T]he dual or separate sovereigns doctrine permits a federal prosecution after a state prosecution for the same offense.") (citing *Heath*, 474 U.S. at 89); *Atl. States Cast Iron Pipe Co.*, 2005 U.S. Dist. LEXIS 19563, at *10 ("The Supreme Court has consistently held that the Constitution does not deny the State and Federal Governments the power to prosecute for the same act."). Accordingly, the federal government is not prohibited, based upon current precedent, from prosecuting Roland for the same offense that he was initially charged with in state court.[2] Therefore, the Court rejects Roland's argument.

---

[2] The rationale serving as the foundation for this legal principle was set forth in *Lanza*, wherein the Supreme Court explained:
> We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory . . . . Each

### B. The *Bartkus* Exception

The Court next determines whether the *Bartkus* exception to the dual sovereignty doctrine is applicable. That is, the Court must decide whether Roland's federal prosecution is "a sham and a cover," *i.e.*, the Court is tasked with determining whether the United States Attorney's Office is "merely [acting as] a tool" for the State of New Jersey, the first sovereign. *Bartkus*, 359 U.S. at 123-24.

Roland argues that "this is a sham prosecution" for two reasons: (1) "several members, or former members of the Essex County Prosecutor's Office, . . . currently work in the United States Attorney's Office"; and (2) "the government intends to call the state prosecutor who oversaw . . . Roland's state prosecution as a witness to 'provide background' about . . . Roland's prior plea allocution." (Def. Moving Br. at 4-5). Conversely, the United States contends that "the defendant cannot assert any facts to show that the federal government was a 'tool' of the Essex County Prosecutor, or that the successive federal prosecution is merely a 'sham and a cover' for the failed state prosecution. . . ." (Gov. Opp. Br. at 6).

The Court finds neither of Defendant's arguments persuasive, and therefore concludes that the *Bartkus* exception is not warranted for the following two reasons. First, "[t]he *Bartkus* exception is narrow[ly] . . . limited to situations in which one sovereign so thoroughly dominates or manipulates the prosecutorial machinery of another that the latter retains little or no volition in its own proceedings." *Dowdell*, 595 F.3d at 63 (1st Cir. 2010) (internal citation and quotation marks omitted); *see also United States v. Guzman*, 85 F.3d 823, 827 (2d Cir. 1996) ("[T]he

---

> government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other. It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.

*United States v. Lanza*, 260 U.S. 377, 382 (1922); *see also United States v. Frumento*, 563 F.2d 1083, 1088 n.9 (3d Cir. 1977) (same).

*Bartkus* exception is narrow. . . . and is limited to situations in which one sovereign so thoroughly dominates or manipulates the prosecutorial machinery of another that the latter retains little or no volition."); *United States v. Moore*, 370 F. App'x 559, 561 (5th Cir. 2010) (The essential element of the *Bartkus* exception "is a high level of control: one sovereign must (1) have the ability to control the prosecution of the other and (2) it must exert this control to 'essentially manipulate[] another sovereign into prosecuting.'"); *United States v. Vanhoesen*, 366 F. App'x 264, 267 (2d Cir. 2010) (Finding that the record did "not indicate that the federal and state authorities were *impermissibly colluding* in a manner that establishes an exception to the dual sovereignty doctrine.") (emphasis added); *United States v. Simpson*, No. 90-296, 1991 U.S. Dist. LEXIS 7530, at *6 n.7 (E.D. Pa. June 5, 1991) ("[T]he narrow and true test, as set out by our Supreme Court, is whether the prosecutors independently decided to pursue these criminal investigations.").

Roland's argument that a *Bartkus* exception is warranted here apparently is linked to Assistant United States Attorney Michael Robertson ("AUSA Robertson") and Special Assistant United States Attorney Constantine Soupios ("SAUSA Soupios"). That said, neither AUSA Robertson's nor SAUSA Soupios's employment by the United States transgresses this prosecution into one that can be characterized as a sham. Indeed, AUSA Robertson was hired approximately four years ago and, according to the government, "has never worked on this federal prosecution[.]" (Gov. Opp. Br. at 6). Furthermore, SAUSA Soupios's one-year assignment to the United States Attorney's Office began in November 2011, which is three months after the United States Attorney's Office request for a waiver of the *Petite* policy was approved (August 5, 2011), and two months after the grand jury returned Roland's federal Indictment, September 19, 2011. (*See* Docket Entry Nos. 18-7 and 1). Thus, the United States'

decision to prosecute Roland occurred several years after AUSA Robertson began his employment with the United States Attorney's Office, and several months before SAUSA Soupios's arrival.

The facts of this case do not suggest that the State of New Jersey is "dominat[ing] or manipulate[ing] the prosecutorial machinery of [the United States]." *Dowdell*, 595 F.3d at 63. Nor is there any "indicat[ion] that the federal and state authorities were *impermissibly colluding*. . . ." *Vanhoesen*, 366 F. App'x at 267 (emphasis added). By contrast, it appears that the United States "independently decided to pursue th[is] criminal investigation[]." *Simpson*, 1991 U.S. Dist. LEXIS 7530, at *6 n.7. Therefore, the United States Attorney's Office is not being used as a "tool" for the State of New Jersey. *Bartkus*, 359 U.S. at 123-24. For that reason, Roland's argument that the *Bartkus* exception is warranted because members of the Essex County Prosecutor's Office work in the United States Attorney's Office fails.

Second, the Defendant's argument that the government intends to call the state prosecutor as a witness to provide background information about Roland's prior plea allocation amounts to nothing more than "intergovernmental assistance. . . . [or] [c]ooperative law enforcement efforts between the independent sovereigns[, which] are commendable, and, without more, . . . will not furnish a legally adequate basis for invoking the *Bartkus* exception . . . ." *Dowdell*, 595 F.3d at 63; *see also Bartkus*, 359 U.S. at 169 ("[C]ooperation between federal and state authorities in criminal law enforcement is to be desired and encouraged, for cooperative federalism in this field can indeed profit the Nation and the States in improving methods for carrying out the endless fight against crime.").[3] In this case, the Court characterizes the federal government's calling

---

[3] Other courts agree with this legal principle. *See, e.g.*, *United States v. Djoumessi*, 538 F.3d 547, 550 (6th Cir. 2008) ("Djoumessi at most has shown cooperation between the two sovereigns. But that everyday development does not establish that the federal government has ceded its prosecutorial discretion and other law-enforcement powers to a State."); *United States v. Zone*, 403 F.3d 1101, 1105 (9th Cir. 2005) ("[T]o the extent [defendant's]

upon Roland's state prosecutor to provide background information as collaboration between independent sovereigns, which does not amount to a sham prosecution. Consequently, Roland's argument is misplaced.

In sum, the evidence proffered by Roland does not demonstrate that the federal prosecution is operating as a "sham and a cover" to disguise a second prosecution in which the State of New Jersey is utilizing the United States Attorney as a mere pawn or tool. *See Bartkus*, 359 U.S. at 123-24. Further, the Third Circuit has never utilized the *Bartkus* exception as a means to overturn a second state or federal prosecution, and this Court is strained to find such an exception is warranted based upon the facts of this case. *See Berry*, 164 F.3d at 847 ("[W]e have never applied the exception to overturn a second state or federal prosecution.").

### C. Roland's Policy Argument

Roland argues that his federal prosecution "demean[s] the professionalism of state court judges and the state court system." (Def. Moving Br. at 5). Following the Third Circuit's decisions in *Grimes* and *Wilson*, this Court "do[es] not believe [it is] the proper forum to overturn a legal directive from the Supreme Court." *Grimes*, 641 F.2d 96; *see Wilson*, 413 F.3d at 390. Consequently, Defendant's policy argument is futile.

motion to dismiss alleges only collaboration between state and federal authorities, it fails to state a colorable double jeopardy claim."); *United States v. Guzman*, 85 F.3d 823, 828 (1st Cir. 1996) ("Cooperative law enforcement efforts between independent sovereigns are commendable, and, without more, such efforts will not furnish a legally adequate basis for involving the *Bartkus* exception to the dual sovereign rule."); *United States v. Koon*, 34 F.3d 1416, 1439 (9th Cir. 1994) ("The fact that evidence developed from the state trial was used in the federal trial does not create a double jeopardy problem."), *rev'd in part on other grounds*, 518 U.S. 81 (1996); *United States v. Figueroa-Soto*, 938 F.2d 1015, 1020 (9th Cir. 1991) ("As *Bartkus* makes plain, there may be very close coordination in the prosecutions, in the employment of agents of one sovereign to help the other sovereign in its prosecution . . . . None of this close collaboration[, however,] amounts to one government being the other's 'tool' or providing a 'sham' or 'cover.' Collaboration between state and federal authorities is 'the conventional practice.' No constitutional barrier exists to this norm of cooperative effort.") (quoting *Bartkus*, 359 U.S. at 123); *Blackwell v. United States*, No. 93-5805, 1993 U.S. App. LEXIS 33031, at *5 (6th Cir. Dec. 16, 1993) ("Cooperation and collaboration between state and federal authorities is not unreasonable."); *Jones v. United States*, No. 91-35677, 1992 U.S. App. LEXIS 17519, at *2 (9th Cir. July 17, 1992) (upholding Jones's federal conviction and finding that investigative collaboration between the federal government and state authorities in compiling evidence against the defendant did not violate the Double Jeopardy Clause because "[i]t is well settled that such investigative collaboration does not establish that the second prosecution is a sham.").

## V. The Government's Request that This Court Find the Defendant's Motion Frivolous

Finally, the Court must determine, in light of the Government's request, whether the Defendant's motion to dismiss is frivolous.

In *Abney v. United States*, 431 U.S. 651 (1977), "the Supreme Court held that the denial of a motion to dismiss on grounds of double jeopardy is an appealable final order . . . ." *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980). "The reason compelling the decision was that the right protected by the double jeopardy clause includes the right not to be twice put to trial for the same offense." *Ibid.* This decision, however, "provid[ed] criminal defendants with an effective new tool for delaying their trials . . . because ordinarily the trial court los[t] its power to proceed once a party file[d] a notice of appeal." *Ibid.* To combat this issue, while at the same time recognizing the spirit of *Abney*, the Third Circuit held that a district court will not be divested of jurisdiction to proceed with trial, "if the district court . . . f[inds] the [double jeopardy] motion to be frivolous and support[s] its conclusions [with] written findings. *Id.* at 105. The defendant, however, bears the burden in "tender[ing] a *prima facie* nonfrivolous double jeopardy claim . . . ." *Ibid.* In other words, the Defendant must proffer a claim that has a basis in law or fact. *See Ace Am. Ins. Co. v. Wachovia Ins. Agency*, No. 08-4369, 2009 U.S. Dist. LEXIS 13316, at *26 (D.N.J. Feb. 18, 2009) ("A frivolous motion is one without a basis in law or fact."); *see also Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 503 (3d Cir. 1991) (finding claim without factual or legal basis frivolous).

In attempting to meet this burden, Roland contends that his motion "is certainly not frivolous [because he is] ask[ing] this court to protect him [and] his rights." (Def. Reply Br. at 7). He argues, quoting Frederick Douglas, "[p]ower concedes nothing without a demand. It never did and never will." (*Ibid.*).

Notwithstanding Defendant's contention, Roland's arguments in seeking dismissal are not supported in law or fact. As set forth above, (1) the dual or separate sovereigns doctrine permits a federal prosecution after a state prosecution for the same act, conduct, or offense; (2) the application of the *Bartkus* exception is not warranted because the evidence proffered by Roland does not demonstrate that the federal prosecution is operating as a sham and a cover to disguise a second prosecution in which the State of New Jersey is utilizing the United States Attorney as a mere pawn or tool; and (3) this Court is bound by precedent, and thus is not the proper forum to overturn a legal directive from the Supreme Court. Therefore, this Court finds that Roland has failed to tender a nonfrivolous double jeopardy claim. Consequently, a finding of frivolity is warranted.

## VI.     Conclusion

For the foregoing reasons, Defendant's motion to dismiss the Indictment is denied. The Government's request for a finding of frivolousness is granted. An accompanying Order shall follow.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**